UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JUDITH A. AIELLO,

                                        Plaintiff,

          v.                                              5:06-CV-1021
                                                          (DNH/GJD)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

HOWARD OLINSKY, ESQ., for Plaintiff
VERNON NORWOOD, Special Asst. U.S. Attorney for Defendant

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred to me for report and recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).  This case has proceeded in accordance with General Order 18.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on April 22, 2004, alleging disability beginning October 14, 2003.  (Administrative Transcript ("T."), 51-53).  The application was initially denied on September 15, 2004 and on reconsideration on February 22, 2005.  (T. 20-31).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on March 23, 2006.  (T. 350-74).  Plaintiff was the only witness to testify at the hearing.  (*Id.*)

In a decision dated May 24, 2006, the ALJ found that plaintiff was not disabled. (T. 14-19).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on July 31, 2006.  (T. 6-9).

**CONTENTIONS**

The plaintiff makes the following claims:

(1) The ALJ failed to fully develop the record.  (Plaintiff's Brief, 11-15).

(2) The ALJ's assessment of plaintiff's mental residual functional capacity is not supported by substantial evidence in the record.  (Plaintiff's Brief, 15-18).

(3) The ALJ's finding that plaintiff could perform her past work was not supported by substantial evidence.  (Plaintiff's Brief, 18-20).

(4) The ALJ's credibility determination is not supported by the record. (Plaintiff's Brief, 20-23).

The defendant argues that the Commissioner's determination is supported by substantial evidence in the record, and must be affirmed.

**FACTS**

This court adopts the facts set forth in plaintiff's brief under the heading "Statement of Facts," to the extent that those facts are consistent with the facts stated in this Report-Recommendation, as well as the supplemental facts in defendant's brief. Plaintiff's Brief, 3-9; Defendant's Brief, 2-6 (incorporating plaintiff's summary of the medical and other evidence).

**DISCUSSION**

1.    **Disability Standard**

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months ...."  42 U.S.C.

§ 1382c(a)(3)(A).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity
> that he is not only unable to do his previous work but cannot, considering
> his age, education, and work experience, engage in any other kind of
> substantial gainful work which exists in the national economy, regardless
> of whether such work exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or whether he would be
> hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520

and 416.920 to evaluate disability insurance and SSI disability claims.

> First, the [Commissioner] considers whether the claimant is currently
> engaged in substantial gainful activity.  If he is not, the [Commissioner]
> next considers whether the claimant has a "severe impairment" which
> significantly limits his physical or mental ability to basic work activities.
> If the claimant suffers such an impairment, the third inquiry is whether,
> based solely on medical evidence, the claimant has an impairment which
> meets or equals the criteria of an impairment listed in Appendix 1 of the
> regulations.  If the claimant has such an impairment, the [Commissioner]
> will consider him disabled without considering vocational factors such as
> age, education, and work experience; ... .  Assuming the claimant does
> not have listed impairment, the fourth inquiry is whether, despite the
> claimant's severe impairment, he has the residual functional capacity to
> perform his past work.  Finally, if the claimant is unable to perform his
> past work, the [Commissioner] then determines whether there is other
> work which the claimant can perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see* 20 C.F.R. §§ 404.1520,

416.920.

The plaintiff has the burden of establishing disability at the first four steps.

However, if the plaintiff establishes that his impairment prevents him from performing

his past work, the burden then shifts to the Commissioner to prove the final step.

*Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir. 1984).

## 2.   **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  A court's factual review of the Commissioner's final  decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a scintilla" of evidence scattered throughout the administrative record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 197 U.S. 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by

4

substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). *See also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

**3.    Residual Functional Capacity (RFC) and Development of Record**

In rendering a residual functional capacity (RFC) determination, the ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R § 404.1545; *see Martona v. Apfel*, 70 F. Supp. 2d 145 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)). An ALJ must specify the functions plaintiff is capable of performing, and ***may not simply make conclusory statements regarding a plaintiff's capacities***. *Verginio v. Apfel*, 1998 WL 743706 (N.D.N.Y. Oct. 23, 1998); *LaPorta v. Bowen*, 737 F. Supp. at 183.

In this case, the ALJ determined that plaintiff retained "the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk 6 hours in an 8-hour day and sit 6 hours in an 8-hour day." (T. 17). The ALJ additionally found that plaintiff was capable of the "basic mental demands of

competitive, remunerative, unskilled work including the abilities (on a sustained basis) to understand, carry out and remember simple instructions, to respond appropriately to supervision, coworkers and usual work situations; and to deal with changes in a routine work setting but should be limited to the lower one-third of the spectrum for social contact in the workplace." (T. 17)

In making this determination about the mental findings, the ALJ relied upon the 2005 assessments rendered by the state agency medical consultant. The ALJ found that licensed mental health counselor Miriam Davis' opinion that plaintiff could not work around the public did not preclude all work. (T. 18). Plaintiff argues that the ALJ's determination of her mental limitations is not supported by substantial evidence in the record. Plaintiff further argues that the RFC determination as a whole is deficient because the ALJ failed to properly develop the record.

On June 29, 2004, Dr. Janet K. Humphreys conducted a mental status evaluation of plaintiff. (T. 272-74). She found that plaintiff's mood was anxious and depressed, her affect was congruent, her thought processes were logical and goal oriented, her judgment and insight were good, and memory was intact. (T. 273). Dr. Humphreys diagnosed plaintiff with post-traumatic stress disorder ("PTSD"), major depressive disorder, recurrent and moderate, panic disorder without agoraphobia, and pain disorder. (T. 274).

On February 15, 2005, Dr. Humphreys found that plaintiff's mood was anxious and depressed, her affect was variable and expressive, her thought processes were logical and goal oriented, her judgment and insight were good, and her memory was

6

Case 5:06-cv-01021-DNH-GJD    Document 10    Filed 12/18/08    Page 7 of 14

intact. (T. 306-07). Dr. Humphreys' diagnoses remained the same as first noted in June 2004. (T. 307).

On December 27, 2004 and January 18, 2005, mental health counselor Miriam Davis diagnosed plaintiff with generalized anxiety disorder and opined that her symptoms would limit her activities due to an inability to concentrate and her fear of being around people. (T. 293-96). Davis also noted that plaintiff was unable to do full-time work in her area of experience, sales, and that she could not deal with any full-time employment. (T. 294, 296).

On February 21, 2005, Dr. David L. Kirk, a state agency medical consultant, completed a Psychiatric Review Technique Form and found that plaintiff had medically determinable impairments that did not satisfy the diagnostic criteria, namely mild to moderate depression and anxiety, and she suffered from personality disorder that caused a significant impairment in social or occupational function with persistent disturbance of mood or affect and pathological dependence, passivity, or aggressivity. (T. 309-18). Dr. Kirk concluded that plaintiff had mild restrictions of activities of daily living and difficulty in maintaining concentration, persistence, or pace, moderate difficulty in maintaining social functioning, and no evidence of episodes of deterioration. (T. 319).

The same day, Dr. Kirk completed a mental RFC assessment. (Tr. 323-25). Dr. Kirk examined twenty categories of mental functioning and of those twenty, found that plaintiff had moderate limitations in only three categories: 1) the ability to carry out detailed instructions; the ability to work in coordination with or proximity to

others without being distracted by them; and 3) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  (T. 323-24.)  Of the remaining seventeen categories, Dr. Kirk found that plaintiff was not significantly limited.  (*Id.*)

Based upon the objective medical evidence in the record it appears that plaintiff's mental impairments did not significantly undermine her ability to do some work.  The ALJ considered plaintiff's mental limitations in determining her RFC and those findings are supported by the record, specifically by Drs. Humphreys and Kirk.  Although counselor Miriam Davis opined that plaintiff was unable to work full-time, under the Regulations, she is not listed as an "acceptable medical source" who can give a medical opinion establishing an impairment.  20 C.F.R. § 404.1513(a).

Notwithstanding the fact that the ALJ's findings are supported, the ALJ *erred* by failing to properly clarify the extent to which plaintiff is limited in her ability to have contact with the public.  The ALJ's statement that plaintiff "should be limited to the lower one-third of the spectrum for social contact in the workplace" does not adequately express such mental limitation.

In addition to the error in the mental RFC determination, the ALJ failed in her duty to properly develop the record.  Given the remedial intent of the Social Security statute and the non-adversarial nature of benefits proceedings, an ALJ has an affirmative duty, even if the claimant is represented by counsel, to develop the medical record if it is incomplete.  *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999); 20

8

C.F.R. § 404.1512(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application . . . .").  In furtherance of the duty to develop the record, an ALJ may re-contact medical sources if the evidence received from the treating physician or other medical sources is inadequate to determine disability and additional information is needed to reach a determination.  20 C.F.R. § 404.1512(e).

Although there were two physical RFC assessments rendered by state agency medical consultants (T. 277-84, 297-304), one of which was given controlling weight (T. 18), the ALJ took no steps to contact plaintiff's treating physicians to obtain their opinions.[1]  The ALJ did not send any of the treating physicians letters requesting further information on plaintiff's functional limitations nor did she attempt to subpoena such information.  *See Gray v. Astrue*, 2007 WL 2874049, at *6-7 (S.D.N.Y. Oct. 3, 2007) (remanding because the ALJ failed to properly develop the record when the treating physician responded that he could not complete a questionnaire sent by the ALJ and the ALJ did not provide more time to the physician to gather information); *Suriel v. Comm'r of Soc. Sec.*, 2006 WL 2516429, at *5-6 (E.D.N.Y. Aug. 29, 2006) (remanding for failing to fully develop the record); *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 440-41 (S.D.N.Y. 2003) (remanding due to ALJ's failure to fulfill duty to fill in gaps in the record); *Rosa v. Apfel*, 1998 WL 437172, at

---

[1] Furthermore, even though the ALJ gave controlling weight to the opinion of the state agency consultant who concluded that plaintiff was able to occasionally lift and carry twenty pounds and ten pounds frequently and sit, stand, and walk for about six hours in an eight-hour workday, the ALJ made no mention of the findings that plaintiff could only occasionally climb, stoop, kneel, crouch, or crawl.  (T. 17, 298-99).

9

*4 (S.D.N.Y. July 31, 1998) (remanding because the ALJ failed to follow-up on a request to receive a functional assessment).  Moreover, the medical records do not contain any opinions as to plaintiff's functional limitations from any examining sources.[2]  As a result of this failure to develop the record, the ALJ's RFC determination with regard to the physical findings is not supported by substantial evidence and remand is recommended.

## 5.   **Past Relevant Work**

As previously stated, if the claimant's impairments do not meet or equal the listed impairments, the Commissioner proceeds to Step Four and considers whether the claimant has the residual functional capacity to perform her past relevant work despite the existence of severe impairments.  20 C.F.R. § 404.1520(e).

In this case, the ALJ determined that plaintiff's past relevant work as a salesperson and receptionist were precluded by her RFC as they required continuous social contact.  (T. 19).  However, the ALJ found that plaintiff was capable of performing her past relevant work as an accounts payable/receivable clerk.  (T. 19).  The ALJ stated that because this type of work fell within the sedentary range and she had found that plaintiff was able to perform a full range of light work, her RFC would not preclude this work.  (*Id.*)  The ALJ further noted that this position did not require interacting with the public or with others and therefore, it was within the mental limitations described in the RFC assessment.  (*Id.*)  Plaintiff argues that the ALJ

---

[2] Additionally, while a treating physician noted that there was a history of fibromyalgia and chronic fatigue syndrome although such was not reflected in the medical records provided, the ALJ should have attempted to contact that physician to discover any pertinent medical records that could relate to such conditions.  (T. 17, 337).

should have received assistance from a vocational expert in determining whether she could perform her past relevant work and that the job description provided in the Dictionary of Occupational Titles did not conform to the RFC determination.

At the hearing, plaintiff stated that she had worked on the books for accounts receivable at an Alaskan oil company.  (T. 357).  However, the ALJ never questioned plaintiff about the particulars of the job to determine if they were compatible with the description found within the Dictionary of Occupational Titles.  (*Id.*)  Plaintiff noted that she had worked at this job for only ten months and had spent the remainder of approximately thirty years of her working career in retail sales or in a secretarial/receptionist position.  (T. 66, 357).

Nevertheless, the ALJ found that plaintiff's position in accounts receivable was compatible with the accounting clerk position.  Pursuant to the Dictionary of Occupational Titles, while the ALJ was correct in stating that the position was sedentary in nature, there is little or no description to determine how much contact there would be between plaintiff and the public and/or co-workers.  *See Dictionary of Occupational Titles*, 216.482-010, 1991 WL 671933.  Additionally, the position requires a person to "[s]peak before an audience with poise, voice control, and confidence, using correct English and a well-modulated voice."  (*Id.*)  This presumably conflicts with the notion that plaintiff would have limited contact with others.  Based on this uncertainty, as well as the fact that this Court is already recommending remand for a failure to properly determine plaintiff's RFC, it follows that in the course of reevaluating her RFC, the ALJ should throughly describe whether

11

the revised RFC would enable or preclude plaintiff to perform her past relevant work.[3]

## 6.   **Credibility**

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, No. 96 CIV 9435, 1999 WL 185253, at *5 (S.D.N.Y. March 25, 1999)).  To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record.  *See* 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, No. 96-CV-1858, 1998 WL 106231, at *5 (N.D.N.Y. March 3, 1998).

First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. § 404.1529(a).  Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work.

---

[3] Plaintiff argues that a vocational expert should have been used to determine if plaintiff was capable of performing her past work.  However, the introduction of testimony from a vocational expert should be determined on a case-by-case basis and based upon whether a non-exertional impairment significantly diminishes the claimant's range of work.  *See Brown v. Comm'r of Social Security*, 2005 WL 1745655, at *3 (N.D.N.Y. June 30, 2005) (quoting *Bapp v. Bowen*, 802 F.2d 601, 606 n.1 (2d Cir. 1986)); *Davila v. Barnhart*, 2004 WL 2914073, at *7 (S.D.N.Y. Dec. 15, 2004) (quoting *Bapp*, 802 F.2d at 603).  Upon remand, the ALJ should determine if the revised RFC calls for the testimony of a vocational expert.

*Id.* § 404.1529(c).

When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. *Id.* § 404.1529(c)(3).

Plaintiff argues that the ALJ's finding about her credibility is erroneous and did not take into account the criteria set forth under the Regulations. This court has examined the record and finds that the ALJ failed to properly make a credibility finding in her decision. (T. 18).

As noted, the ALJ must assess credibility based upon a two-step process. However, the ALJ never specifically stated whether plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged[,]" as required. 20 C.F.R. § 404.1529(a). Since the ALJ found that plaintiff's allegations of disabling symptoms and limitations were not entirely credible to the extent alleged, it was incumbent on the ALJ to then assess ***all*** the factors set forth in 20 C.F.R. § 404.1529(c)(3), which was not done. Although the ALJ discussed plaintiff's daily

13

activities, she did not discuss the remaining factors.  While the ALJ stated that she generally considered the medications plaintiff took, the treatment she received, her symptoms, and measures taken to relieve the symptoms, there was no discussion of these factors by which to evaluate if the record supported such a credibility determination.  (*Id.*)  The ALJ's findings therefore are not entitled to deference and remand on this ground is recommended.

**WHEREFORE,** based on the findings in the above Report, it is hereby

**RECOMMENDED**, that the decision of the Commissioner be **REVERSED**, and this case be **REMANDED** pursuant to **Sentence Four** of 20 U.S.C. § 405(g) for a proper determination of plaintiff's RFC consistent with this Report, analysis of credibility, and development of the record.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 18, 2008

Hon. Gustave J. DiBianco
U.S. Magistrate Judge